UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE P.,

                                                Plaintiff,

                                                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                                Defendant.
_____

                                          <u>DECISION AND ORDER</u>

                                           20-CV-0468L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On January 27, 2017, plaintiff, then forty-seven years old, filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), and for supplemental security income under Title XVI of the Act. Plaintiff alleged an inability to work since January 12, 2016. (Dkt. #13 at 15). Her applications were initially denied. Plaintiff requested a hearing, which was held on November 2, 2018 via videoconference before Administrative Law Judge ("ALJ") Rosanne M. Dummer. The ALJ issued a decision on December 31, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #13 at 15-33). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 5, 2020. (Dkt. #13 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) remanding the matter for further proceedings (Dkt. #16), and the Commissioner has cross moved

for judgment on the pleadings affirming the Commissioner's decision (Dkt. #22). For the reasons that follow, plaintiff's motion is denied, the Commissioner's motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. In summary, the Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### I.   The ALJ's Decision

The ALJ's decision recites detailed findings of fact and sets forth the evidence upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's applications, the ALJ summarized plaintiff's medical records describing treatment for bilateral knee osteoarthritis, degenerative disc disease (by history), asthma (by history), morbid obesity, depressive disorder, bipolar disorder, personality disorder, and posttraumatic stress disorder, which the ALJ determined together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #13 at 17).

Upon review of the evidence of record, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work, with the ability to lift and carry twenty pounds occasionally and ten pounds frequently. Plaintiff can sit for eight hours

in an eight-hour workday, up to four hours at a time, and can stand or walk for four out of eight hours, for up to one hour at a time. She should never climb ladders or scaffolds or work at unprotected heights, but can occasionally climb stairs or ramps, balance, stoop, kneel, crouch and crawl. She can no more than occasionally work with moving mechanical parts, operate a motor vehicle, and tolerate humidity or wetness or pulmonary irritants and temperature extremes. She must avoid walking on wet, slippery, or uneven surfaces. Secondary to mental impairments, she can understand, remember, and carry out instructions for routine, repetitive work, and potentially engage in semi-skilled work with time and training. She can sustain attention and concentration for routine, repetitive tasks. Plaintiff can tolerate task-focused, object-oriented contact with supervisors and coworkers, and occasional contact with the general public. Finally, plaintiff can perform work that has minimal changes or requires minimal adaptations. (Dkt. #13 at 20).

When presented with this RFC as a hypothetical at the hearing, vocational expert Rena Serkin testified that such an individual would be unable to perform plaintiff's past relevant work as a telemarketer or collections clerk, but could instead perform the representative sedentary, unskilled positions of document preparer, inspector, and table worker. (Dkt. #13 at 31-32). The ALJ accordingly found plaintiff not disabled.

## II.     Plaintiff's Nonexertional Limitations

Plaintiff first argues that the ALJ's RFC determination was not supported by substantial evidence, because it failed to incorporate all of the mental limitations opined by treating primary physician Dr. John Bauers.

Dr. Bauers authored opinions on October 26, 2015 (prior to the alleged disability onset date) and January 26, 2017, both stating, inter alia, that plaintiff's mental health diagnoses resulted in moderate limitations in maintaining attention and concentration, working at a consistent pace,

and maintaining socially appropriate behavior. (Dkt. #13 at 434-36, 463-65). The ALJ gave these opinions "minimal" and "some" weight respectively, but nonetheless appears to have credited the mental limitations Dr. Bauers described: in applying the special technique, the ALJ determined that plaintiff had "moderate" limitations in the areas of interacting with others, and maintaining concentration, persistence, and pace, and the ALJ's RFC determination sufficiently and fully accounted for moderate "mental impairments." (Dkt. #13 at 19-20).

Specifically, the ALJ's RFC finding limited plaintiff to routine, repetitive tasks, with no more than occasional contact with the public, only task-focused and object-oriented contact with supervisors and coworkers, and minimal changes or adaptation required. (Dkt. #13 at 20). In finding that plaintiff could perform jobs existing in the national economy, the ALJ relied solely on three unskilled jobs identified by the vocational expert. It is well-settled that moderate difficulties in social interaction, attention, concentration, and working at a consistent pace, are sufficiently accounted-for by limitations to unskilled, routine or repetitive work with no more than occasional social interactions. *See Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93475 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the "Second Circuit has held that moderate limitations in work related functioning do[] not significantly limit, and thus prevent, a plaintiff from performing unskilled work") (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)); *Jimmerson v. Berryhill*, 2017 U.S. Dist. LEXIS 116211 at *9 (W.D.N.Y. 2017) (moderate limitations in concentration are accommodated by an RFC that limits the claimant to simple tasks and limited interactions with others); *Lowry v. Commissioner*, 2017 U.S. Dist. LEXIS 52954 at *10-*12 (N.D.N.Y. 2017) (moderate limitations including difficulty maintaining attention and concentration are sufficiently accommodated by an RFC that limits claimant to unskilled work with simple, routine tasks).

As such, regardless of whether the ALJ explicitly credited Dr. Bauers' opinions with respect to plaintiff's mental limitations, or coincidentally adopted them when she found moderate limitations in areas identical to those Dr. Bauers described, the same result would have been reached, and remand would serve no purpose.

### III.     Consideration of Plaintiff's Obesity

Plaintiff also argues that the ALJ's RFC determination did not sufficiently consider the effects of her obesity.

The Court disagrees. There is no appreciable evidence that plaintiff's weight imposed work-related limitations in ways not already accounted-for by the ALJ. Indeed, the reports of treating and examining physicians during the period under review, both of which explicitly noted plaintiff's obesity, are generally supportive of the ALJ's RFC determination. In his January 26, 2017 opinion, treating primary care physician Dr. Bauers included plaintiff's morbid obesity among her diagnoses, and identified moderate limitations in walking, standing, sitting, lifting and carrying, pushing, pulling and bending, and extreme limitations as to climbing. (Dkt. #13 at 27, 434-35). Consulting internist Dr. David Brauer (not to be confused with treating physician Dr. Bauers) examined plaintiff on March 22, 2017 and noted that although she was morbidly obese, she had a normal gait and stance, could perform a full squat, climb up and down from the examination table without difficulty, and showed full strength and range of motion throughout her body. Dr. Brauer opined "mild to moderate" limitations in prolonged sitting, standing, and walking, and engagement in postural activities, "due to chronic back pain and weight status." (Dkt. #13 at 23, 636-40). Consistent with these opinions and with other substantial evidence of record, the ALJ's RFC determination included extensive exertional, postural, and ambulatory limitations. I find no error therein.

Plaintiff also argues that the ALJ improperly ignored the causal relationship between plaintiff's morbid obesity and her back pain, osteoarthritis, and asthma, each of which produced its own set of work-related limitations. This argument is beside the point: the ALJ identified plaintiff's degenerative disc disease, osteoarthritis and asthma as severe impairments along with obesity, and formulated an RFC that explicitly included exertional, postural, and environmental limitations to account for them, just as she was required to do. The ALJ was not obligated to engage in any further analysis of the potential interrelationship between plaintiff's obesity and her other severe impairments, nor would doing so have served any proper purpose.

I have considered the rest of plaintiff's claims, and find them to be without merit. On balance, I find that the record does not support plaintiff's claim of total disability. I concur with the ALJ and conclude that there is substantial evidence to support her determination. I find no reason to modify it.

## CONCLUSION

The plaintiff's motion for judgment on the pleadings (Dkt. #16) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #22) is granted. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 10, 2021.